```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
TANYA SIGNORE,                     )
                                   )
          Plaintiff,               )    C.A. No. 17-526 WES
                                   )
     v.                            )
                                   )
                                   )
STATE OF RHODE ISLAND,             )
                                   )
          Defendant.               )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 8), which is GRANTED for the following reasons.

I.  Background

In May 2016, the State of Rhode Island terminated Tanya Signore from her employment at the Department of Labor and Training. (Compl. 5, 6, ECF No. 1.) Signore alleges she was wrongfully terminated due to her unnamed medical condition. (Id.) Moreover, she avers that the State failed to reasonably accommodate her, failed to comply with disciplinary steps prior to termination, and discriminated against her. (Id.)

Following her termination, on November 15, 2017, Signore filed suit against the State, alleging violations of the "Americans with Disabilities Act (ADA), Fair Employment Practices, Discrimination, and Equal Employment Opportunities." (Id. at 4.) Thereafter, the State moved to dismiss.

II. Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When determining the sufficiency of a complaint, the court "will accept as true all of the allegations contained in the complaint. However, this tenet does not apply to statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." Air Sunshine, Inc. v. Carl, 663 F.3d 27, 33 (1st Cir. 2011) (citation, alteration, and quotation marks omitted).

The only claim Plaintiff makes with any specificity is one for failure to accommodate under the Americans with Disabilities Act ("ADA"). (See Compl. 4,6.) This type of claim requires a plaintiff to allege that "she (1) suffers from a 'disability' within the meaning of the statute, (2) is a qualified individual inasmuch as she is able to perform the essential functions of her job, with or without reasonable accommodation, and (3) that despite [her employer's] knowledge of her disability, the [employer] did not offer a reasonable accommodation." Enica v. Principi, 544 F.3d 328, 338 (1st Cir. 2008). Signore has not pleaded facts satisfying the first element.

Nowhere, neither in the complaint nor the attachments thereto, does Signore identify a disability covered by the ADA. Instead, she repeatedly makes the vague assertion that her "diagnosis . . . is

covered by the ADA." (Compl. Ex. B 2, ECF No. 1-2.) But whether a disability is covered by the ADA is a matter of law, see Vale v. Great Neck Water Pollution Control District, 80 F. Supp. 3d 426, 436 (E.D.N.Y. 2015), and therefore not something the Court will take at face value.[1] See Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011) (noting that, while pro se pleadings are reviewed liberally, "the court need not credit bald assertions or unverifiable conclusions").

III. Conclusion

Because the Court cannot blindly credit Signore's legal conclusion that her medical condition is covered by the ADA, it GRANTS the State's Motion to Dismiss (ECF No. 8).

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: June 26, 2018

---

[1] The ADA's definition of a disability is broad, but by no means unlimited. See Orr v. City of Rogers, 232 F. Supp. 3d 1052, 1064 (W.D. Ark. 2017). In fact, several courts have granted motions to dismiss where the plaintiff's alleged disability was not covered by the ADA. See, e.g., Zick v. Waterfront Comm'n of New York Harbor, No. 11 Civ. 5093(CM), 2012 WL 4785703, at *5 (S.D.N.Y. Oct. 4, 2012) ("Plaintiff's broken leg is simply not an injury considered a 'disability' under the ADA.").

3